MRS. L. E. BREWER v. ROY MOYE AND NATIONAL VENEER COMPANY, INC.

(Filed 8 April, 1931.)

**Highways B 1—Upon evidence that defendant's agents assisted in loading truck in negligent manner causing injury, nonsuit should be denied.**

Where the evidence discloses that the plaintiff, while attempting to pass an unlighted log truck and trailer standing upon the highway at night, collided with a log extending about four feet from the side of the trailer in a cross-wise position, and that the agents and employees of the defendant assisted in loading the truck with knowledge that it was to be operated over a populous highway and that the projections would present imminent menace to travelers: *Held*, the evidence should have been submitted to the jury, although there was no evidence of the relation between the defendant and the driver of the truck.

CIVIL ACTION, before *Devin, J.,* at January Term, 1930, of PITT.

The evidence tended to show that on the night of 5 November, 1928, the plaintiff was a passenger in a Buick automobile, traveling along the Greenville highway toward Ayden, North Carolina, and that said automobile collided with an unlighted log truck and trailer standing upon the highway. The truck and trailer was loaded with logs, and there was testimony to the effect that one of the logs extended out about four feet beyond the trailer in a crosswise or diagonal manner, and by reason thereof when the car in which plaintiff was riding, was turned to the left to avoid the truck it struck this log protruding across the highway and resulted in serious injuries.

At the conclusion of plaintiff's evidence there was judgment of nonsuit and the plaintiff appealed.

*J. C. Lanier for plaintiff.*
*Harding & Lee for defendant.*

BROGDEN, J. The Veneer Company offered no evidence, and it does not appear what the relationship was between the Veneer Company and defendant, Roy Moye, who was driving the truck and trailer at the time

of the injury complained of. It was admitted in the answer of defendant Veneer Company "that the National·Veneer Company, Inc., was to load all logs on the truck, or trucks, or other means of conveyance, of said Roy Moye, with the assistance of Roy Moye in loading said logs." This admission was offered in evidence.

It is obvious that, if a truck and trailer operated upon a populous highway in the nighttime and without light, is so loaded as to allow logs or other objects placed in the truck to project beyond the line of the truck and trailer and over the highway, such loading, under the circumstances, would be a negligent act. The evidence discloses that the agents and employees of defendant Veneer Company assisted in loading the truck with knowledge that it was to be operated over and upon a populous highway and with the further knowledge that projections extending over the highway would be a present and imminent menace to travelers.

Therefore, the Court is of the opinion that the cause should have been submitted to the jury with proper instructions.

Reversed.